USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 _______________________
 
No. 99-1211

 JAVIER BERNAL-VALLEJO,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,
 
 Respondent.
 
 ____________________
 
 PETITION FOR REVIEW OF AN ORDER OF THE
 
 BOARD OF IMMIGRATION APPEALS
 ____________________
 
 Before
 
 Torruella, Chief Judge,
 Bownes, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 ____________________
 
 James Hayes on brief for petitioner.
 Nancy E. Friedman, Attorney, Office of Immigration Litigation,
David W. Ogden, Acting Assistant Attorney General, and Richard M.
Evans, Assistant Director, on brief for respondent.

 ____________________
 
 November 2, 1999
 ____________________ LYNCH, Circuit Judge. Javier Bernal-Vallejo ("Bernal")
has been ordered deported and petitions for judicial review of that
order. Whether this court has jurisdiction over his petition is a
matter affected by one provision of the transitional rules of the
Illegal Immigration Reform and Immigrant Responsibility Act of
1996, Pub. L. No. 104-208, div. C, 110 Stat. 3009-546 (1996)
(IIRIRA). That provision, IIRIRA 309(c)(4)(E), says that "there
shall be no appeal of any discretionary decision under
section . . . 244 [and other enumerated sections of the Immigration
and Nationality Act]." 
 We hold that whether 309(c)(4)(E) precludes
jurisdiction depends on the precise grounds upon which the decision
of the Board of Immigration Appeals rests and the precise nature of
the claims made in the petition. That is, in general terms,
 309(c)(4)(E) precludes the exercise of jurisdiction only where:
(1) the agency decision as to which review is sought is a "decision
under" one of the enumerated sections, and (2) the agency decision
rests on a ground that is committed to agency discretion. 
Conversely, 309(c)(4)(E) does not preclude the exercise of
jurisdiction where the decision is not a "decision under" an
enumerated section or where the ground on which the decision rests
is not one committed to agency discretion. Some components of
decisions made under the enumerated sections are not committed to
agency discretion but are instead determinations of objective
facts. Where the decision rests on these latter grounds, review is
not precluded by 309(c)(4)(E). We reject the Immigration and
Naturalization Service's position that any decision related to a
final order under one of the enumerated sections is within the
scope of 309(c)(4)(E)'s prohibition of judicial review. Even if
this section does not preclude review, though, other doctrines may.
 In Bernal's case, we conclude that 309(c)(4)(E)
precludes jurisdiction over his claim that the BIA erred in finding
under the Immigration and Naturalization Act 244, 8 U.S.C. 1254
(repealed 1996), that he had not demonstrated extreme hardship, a
qualification for a suspension of deportation. We further conclude
that the section does not preclude jurisdiction over his
constitutional due process argument, but that he has not exhausted
his administrative remedies as to that argument. We dismiss the
petition.
 I
 Bernal is thirty-seven years old, single, and a citizen
of Colombia. He studied chemical engineering in Colombia and his
family still resides there. He entered this country without
inspection in April 1986, his earlier application for a student
visa having been denied. At some point after entry he bought a
false social security card. In 1989 he attempted to obtain a green
card fraudulently. With the help of an intermediary (to whom he
paid $2500), he and others attempted to pass themselves off as
agricultural workers in Florida. The scheme unraveled when the
group went to the INS office for interviews and the officers
concluded after the first two interviews that these people were not
agricultural workers. By the time the agents got to Bernal, later
in line, they believed there was a fraudulent scheme, so informed
Bernal, and asked him to cooperate. Bernal did cooperate with the
government; however, at Bernal's later deportation hearing, the INS
judge commented that Bernal would have gone through with the fraud
if it had not been caught prior to his interview. In August 1990
he received employment authorization from the INS good for one
year. After the authorization expired, he began working as a
travel agent in Boston, stating untruthfully on his job application
form that he was a U.S. citizen. 
 Deportation proceedings commenced with an Order to Show
Cause on September 18, 1995, more than four years ago. Bernal
conceded deportability. On October 9, 1996, an Immigration Judge 
found Bernal deportable, denied his application for suspension from
deportation, but granted his request for voluntary departure. He
appealed, and the BIA issued a decision on January 25, 1999,
dismissing his appeal. In order to establish eligibility for
suspension of deportation, an alien must meet three statutory
requirements. See INA 244. The applicant must have been
physically present in the United States for a continuous period of
at least seven years. See id. 244(a)(1). Once that is
established, the applicant must show that he is a person of good
moral character and was so throughout the seven years. See id. 
Finally, the applicant must show that deportation would be an
extreme hardship to himself or a parent, spouse, or child who is a 
U.S. citizen or lawful permanent resident. See id. Once the three
eligibility criteria have been met, relief is available at the
Attorney General's discretion, see id. 244(a), with the applicant
bearing the burden of showing that he warrants relief. See
Ramirez-Durazo v. INS, 794 F.2d 491, 497 (9th Cir. 1986) (stating
that the alien bears the burden of demonstrating that he merits the
favorable exercise of discretion to suspend deportation); see also
Alvarez-Flores v. INS, 909 F.2d 1, 3 (1st Cir. 1990) (noting that
the alien "bears the burden of proving eligibility for asylum and
for withholding of deportation").
 The IJ in this instance did not base her decision on the
objective factual determinations of whether there had been seven
years of residence or whether Bernal had a lawful resident parent,
spouse, or child for whom his deportation might cause hardship. It
was undisputed that Bernal had been in the United States for seven
years and that he had no such relatives. Indeed, the IJ found that
he was not barred by the good moral character requirement. Her
decision turned on her judgment that he had not established extreme
hardship and that even if he had, it would be a "very close call"
whether discretion should be exercised to suspend deportation. The
BIA affirmed on the ground that Bernal had not shown extreme
hardship within the meaning of INA 244(a)(1).
 II
 The arguments on appeal focus on whether 309(c)(4)(E)
precludes jurisdiction. Before reaching this question, there is a
preliminary question of the source of any jurisdiction, even were
 309(c)(4)(E) preclusion not to apply. See Goncalves v. Reno, 144
F.3d 110, 113 (1st Cir. 1998), cert. denied, 119 S. Ct. 1140
(1999). Jurisdiction here arises under INA 106(a), 8 U.S.C.
 1105a(a), as amended by IIRIRA. The parties agree that this
case is governed by the IIRIRA transitional rules because Bernal
was placed in deportation proceedings before April 1, 1997, and the
final order of deportation was issued after October 31, 1996. The
INS agrees that this court has jurisdiction under 8 U.S.C.
 1105a(a) of this timely filed petition for review unless IIRIRA
 309(c)(4)(E) precludes review. The exact basis for the denial of
suspension of deportation and the nature of the challenge to that
denial are important to the issue of whether 309(c)(4)(E)
precludes jurisdiction. 

 A. Challenge Based on Extreme Hardship Determination
 There is no dispute that the first criteria under
 309(c)(4)(E) is met: the decision from which Bernal appeals is a
"decision under" one of the sections enumerated in 309(c)(4)(E),
specifically, 244. See Stewart v. INS, 181 F.3d 587, 594 (4th
Cir. 1999); see also Reno v. American-Arab Anti-Discrimination
Comm., 119 S. Ct. 936, 943 (1999) (stating that jurisdictional
restrictions in 8 U.S.C. 1252(g) apply only to "three discrete
actions the Attorney General may take: her decision or action to
commence proceedings, adjudicate cases, or execute removal
orders.") (internal quotation marks omitted). 
 We turn to the second criteria: whether the decision
turns on a matter committed to agency discretion. The INS argues
broadly that any order denying discretionary motions seeking the
underlying relief identified in 309(c)(4)(E), such as adjustment
of status or suspension of deportation under INA 244, is within
the jurisdictional prohibition of the section. We disagree and
think the statute requires a more nuanced interpretation. 
 Section 309(c)(4)(E) does not bar all appeals from final
orders in the types of cases described by the referenced statutory
sections, but only bars appeals of "discretionary" decisions made
under those sections. This language contrasts with IIRIRA
 309(c)(4)(G), which does preclude "appeals" in cases of aliens
who are inadmissible or deportable because they committed certain
felonies. Compare id. 309(c)(4)(E) ("[T]here shall be no appeal
of any discretionary decision under [various sections of the
INA] . . . ."), with id. 309(c)(4)(G) ("[T]here shall be no
appeal permitted in the case of an alien who is inadmissable or
deportable by reason of having committed [certain criminal
offenses] . . . ."), and Ruckbi v. INS, 159 F.3d 18, 21 (1st Cir.
1998) (discussing absolute bar to any review by the courts of
appeals in cases falling under 309(c)(4)(G)). The question then
becomes one of what is meant by the term "discretionary decision." 
It is clear that some aspects of a decision by the BIA as to
whether suspension of deportation should be granted require
objective factual determinations and that Congress gave the agency
no discretion as to these determinations, while other aspects of
the decision are discretionary.
 One non-discretionary aspect of the 244 determination
is whether the minimum residency period has been met. We agree
with Kalaw v. INS, 133 F.3d 1147, 1150-51 (9th Cir. 1997), which
held that review of a determination regarding the minimum residency
period requirement is not precluded by 309(c)(4)(E). As Kalaw
points out, the determination of whether the seven year continuous
presence requirement has been met is subject to legal standards
that guide the inquiry. See id. at 1151; see also Rosenberg v.
Fleuti, 374 U.S. 449, 460-63 (1963) (describing factors to consider
in determining whether presence in the United States has been
continuous). Further, this court has viewed such determinations as
factual, subject to review under the substantial evidence standard
rather than the abuse of discretion standard. See Meguenine v.
INS, 139 F.3d 25, 27 (1st Cir. 1998) (reviewing BIA's determination
that alien was ineligible for asylum and withholding of deportation
under "substantial evidence" standard).
 We have already noted one other example of such an
objective criteria set by the Congress that is not committed to
agency discretion. If the denial of suspension of deportation is
based on an INS determination that a spouse is not a citizen, that
determination of objective fact would be subject to judicial
review. See INA 106(a); see also Goncalves, 144 F.3d at 125
("Analytically, the decision whether an alien is eligible to be
considered for a particular discretionary form of relief is a
statutory question separate from the discretionary component of the
administrative decision whether to grant relief.").
 The good moral character determination, the second
eligibility factor, may involve either a non-discretionary question
of fact or a discretionary determination. That is because a
finding of lack of good moral character is required, under 8 U.S.C.
 1101(f), for aliens belonging to certain per se categories. For
example, those convicted of aggravated felonies are per se
considered to lack good moral character. See id. 1101(f)(8). 
The BIA may not grant suspension of deportation or voluntary
departure to someone within these per se categories, and so the
agency lacks discretion. Thus, if a BIA decision turned on a
dispute about whether the applicant fit into one of the per se
categories, 309(c)(4)(E) would not bar this court's review. If,
however, the determination of lack of good moral character was not
based on the per se categories, then judicial review would be
barred, for that determination would be a discretionary one.
 Here, the denial of Bernal's application was based on a
determination that he would not suffer extreme hardship if
deported, the third eligibility requirement for suspension of
deportation. This raises the question of whether the "extreme
hardship" determination is a discretionary decision barred from
judicial review by 309(c)(4)(E). We hold that it is, and, thus,
that we have no jurisdiction over Bernal's claim, on that ground,
that the INS erred in denying him suspension of deportation. We
join the Fifth and Ninth Circuits in so holding. See Moosa v. INS,
171 F.3d 994, 1012-13 (5th Cir. 1999) (determining that the extreme
hardship determination is discretionary and unreviewable under
IIRIRA 309(c)(4)(E)); Kalaw, 133 F.3d at 1152 (same). This is
consistent with pre-IIRIRA law that had recognized that extreme
hardship determinations were within the discretion of the BIA. See 
INS v. Jong Ha Wang, 450 U.S. 139, 144 & n.5 (1981) ("[The]
Attorney General['s] . . . construction and application of [the
extreme hardship] standard should not be overturned by a reviewing
court simply because it may prefer another interpretation of the
statute."); Gebremichael v. INS, 10 F.3d 28, 40 (1st Cir. 1993)
(noting that the INS has "considerable discretion" in defining
extreme hardship and reviewing the extreme hardship determination
for abuse of discretion); Antoine-Dorcelli v. INS, 703 F.2d 19, 21
(1st Cir. 1983) ("The determination of 'extreme hardship' is
committed to the sound discretion of the Attorney General.").
 B. Constitutional Claims
 Bernal makes additional claims, clothed in constitutional
garb. The first is an argument that Bernal's Ninth Amendment
"natural rights" were violated by the failure of the IJ to sua
sponte consider whether Bernal, who is gay, would face extreme
hardship because of persecution of gay men in Colombia or was
entitled to asylum as a member of a persecuted social group. See,
e.g., In re Toboso-Alfonso, 13 Immigr. Rep. (MB) B1-29, at B1-30,
-31 (B.I.A. 1990). This claim presents no substantial
constitutional question and is nothing more than a reframed attack
on the discretionary extreme hardship determination over which this
court has no jurisdiction.
 More significantly, Bernal argues that his due process
rights were violated because his former counsel was so ineffective
that Bernal did not obtain a fair hearing. No Sixth Amendment
right to counsel is involved in deportation proceedings because
they are civil and not criminal; nonetheless, this court has
recognized that there is a due process violation if the proceeding
was so fundamentally unfair that the alien was prevented from
reasonably presenting his case. See Lozada v. INS, 857 F.2d 10, 13
(1st Cir. 1988). Other circuits have agreed. See, e.g., Mustata
v. U.S. Dep't of Justice, 179 F.3d 1017, 1019-20 (6th Cir. 1999)
(discussing jurisdiction to review alien's due process claim based
on ineffective assistance); Castaneda-Suarez v. INS, 993 F.2d 142,
144 (7th Cir. 1993) (recognizing alien's Fifth Amendment right to
due process in deportation proceedings and stating that ineffective
counsel can result in denial of this right); Esposito v. INS, 987
F.2d 108, 111-12 (2d Cir. 1993) (discussing elements alien must
establish in asserting ineffective assistance claim); Roque-
Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir. 1985) (discussing
exhaustion requirement where alien asserts due process claim based
upon ineffective assistance). Leaving aside the question of
whether prejudice can be presumed in certain fact settings, cf.
United States v. Loaisiga, 104 F.3d 484, 487-88 (1st Cir. 1997)
(noting possibility that a denial of counsel in the immigration
context, in some circumstances, might be so flagrant as to allow
for presumption of prejudice), the applicant claiming a denial of
due process must generally show prejudice, see In re Lozada, 6
Immigr. Rep. (MB) B1-31, at B1-33 (B.I.A. 1988).
 We hold that 309(c)(4)(E) does not remove jurisdiction
to review Bernal's claim of ineffective assistance of counsel
amounting to a due process violation. This due process argument
does not involve a matter that Congress committed to agency
discretion. Accord Antonio-Cruz v. INS, 147 F.3d 1129, 1130-31
(9th Cir. 1998) ( 309(c)(4)(E) does not preclude review of a due
process claim).
 Review is nonetheless precluded here by another doctrine:
exhaustion of administrative remedies. Naturally enough, Bernal
did not raise the ineffective assistance claim before the BIA;
indeed, it is his counsel's actions before the IJ and BIA that give
rise to the claim. Usually issues not raised before the BIA may
not be raised for the first time on a petition for review. See 8
U.S.C. 1105a(c); Ravindran v. INS, 976 F.2d 754, 761 (1st Cir.
1992) ("Issues not raised before the Board may not be raised for
the first time upon judicial review of the Board's decisions."). 
This general rule is subject to the caveat that the BIA must have
the power to address the matter as to which exhaustion is claimed. 
There are some claims of denial of due process or deprivation of
constitutional rights that are exempt from this exhaustion
requirement because the BIA has no power to address them. See id.
at 762. This case is not one of them.
 The BIA has procedures to hear ineffective assistance of
counsel claims through a motion to reopen under 8 C.F.R. 3.2(c). 
Mindful that such claims may be frivolous and brought as a device
to delay deportation, the BIA uses the criteria set forth in In re
Lozada, 6 Immigr. Rep. at B1-33, -34, as a screening device and
does not generally consider the merits of such claims until the
alien has met certain threshold requirements. See id.; In re
Rivera-Claros, 17 Immigr. Rep. (MB) B1-1, at B1-3, -4 (B.I.A.
1996). Bernal informs us that he has filed such a motion to
reopen. The agency determination of that motion to reopen is not
before us (and apparently has not yet taken place); what is before
us is an agency determination that does not include the ineffective
assistance claim. We decline to review the ineffective assistance
claim because Bernal has failed to exhaust his administrative
remedies. 
 One other possible resolution is noted. We are aware
that the Eleventh Circuit has held that there is no recognizable
liberty interest protected by due process if the deficient
representation merely prevents the alien from being eligible for
discretionary relief such as suspension of deportation. See Mejia-
Rodriguez v. Reno, 178 F.3d 1139, 1148 (11th Cir. 1999). The
Eleventh Circuit view is contrary to Lozada, which involved an
alien who conceded deportability because of criminal convictions
but who applied for discretionary relief from deportation under
then INA 212(c), which allowed waiver of deportation, and under
INA 244(e), which permitted voluntary departure in lieu of
deportation. See Lozada, 857 F.2d at 11. Here, the INS argues
only the exhaustion point, and, accordingly, there is no occasion
to address this or any arguments about the strength of the
ineffective assistance claim. 
 The petition for review is dismissed and the stay of
deportation is vacated. So ordered.