Claudio MUSTO, Petitioner–Appellee,

v.

Brian PERRYMAN, as District Director of the Chicago Immigration and Naturalization Service District Office, Respondent–Appellant.

No. 98–2610.

United States Court of Appeals, Seventh Circuit.

Argued May 19, 1999.

Decided Sept. 20, 1999.

Royal F. Berg (argued), Chicago, IL, for Plaintiff–Appellee.

David M. McConnell, Papu Sandhu (argued), Department of Justice, Civil Division, Immigration Litigation, Washington, DC, for Defendant–Appellant.

Before WOOD, Jr., FLAUM and MANION, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Claudio Musto, a native and citizen of Italy, has been a permanent resident alien

in the United States since 1968. In 1990, Musto was convicted of delivery of a controlled substance and sentenced to ten years imprisonment. In 1993, based on the 1990 conviction and a prior 1986 conviction,[1] the Immigration and Naturalization Service ("INS") began deportation proceedings against Musto. Musto contested his deportability in deportation hearings held in December 1993 and June 1994; however, the government offered certified copies of Musto's convictions, which Musto admitted applied to him.

■ After an Immigration Judge ("IJ") found him to be deportable, Musto sought relief under § 212(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182(c) (1994), which the IJ denied.[2] The Board of Immigration Appeals affirmed, finding Musto statutorily ineligible for § 212(c) relief under § 440(d) of the newly-enacted Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, and the Attorney General's decision in *In re Soriano*, Interim Decision No. 3289, 1996

WL 426888 (1996). AEDPA § 440(d) amended INA § 212(c) by adding certain drug offenses, including the offenses for which Musto was convicted, to the list of deportable offenses which make criminal aliens ineligible for discretionary waivers of deportation.[3] Musto petitioned for a writ of habeas corpus in federal district court. In May 1998, the district court granted the writ, holding that the Board's interpretation of AEDPA § 440(d) violated Musto's equal protection rights because it allowed certain excludable criminal aliens to apply for a discretionary waiver while barring deportable criminal aliens from doing so. The INS appeals, arguing that the district court lacked subject matter jurisdiction to consider Musto's petition under § 440(a) of AEDPA,[4] § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, Div. C, 110 Stat. 3009,[5] and § 242(g) of INA as amended by § 306(f)(1)(G) of IIRIRA, 8 U.S.C. § 1252(g).[6]

1. Musto actually had numerous prior convictions including April 1984 convictions for possession of a controlled substance and possession of a controlled substance with intent to deliver and February 1986 convictions for possession of cannabis and possession of cannabis with intent to deliver.

2. In deportation proceedings held in 1987 following his earlier convictions, Musto was granted relief pursuant to § 212(c).

3. Section 212(c) has since been "repealed and replaced by a new, but basically similar, section, § 240A(b), 8 U.S.C. § 1229b(b)." *La-Guerre v. Reno*, 164 F.3d 1035, 1037 (7th Cir.1998) (reh'g & reh'g en banc denied Apr. 9, 1999). This change has no substantive effect on Musto's eligibility for discretionary relief.

4. AEDPA § 440(a) amended INA § 106(a) to provide "[a]ny final order of deportation against an alien who is deportable by reason of having committed a [covered] criminal offense ... shall not be subject to review by any court." Section 306 of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") repealed the judicial review process set out in INA § 106(a) as amended by AEDPA § 440(a) and replaced it with a

new section, INA § 242(a); however, under IIRIRA § 309, INA § 242(a) is not applicable to aliens who were involved in deportation proceedings as of April 1, 1997. *Turkhan v. Perryman*, 188 F.3d 814, 820 n. 5 (7th Cir. 1999). Since Musto was involved in deportation proceedings as of that date, his petition is subject to the judicial review provisions of INA § 106(a) as amended by AEDPA § 440(a).

5. Section 309(c)(4)(G) of IIRIRA is a transitional rule which applies to aliens who were placed in deportation proceedings prior to April 1, 1997 and whose deportation orders became administratively final on or after October 31, 1996. Musto falls into this class.

6. Section 306(f)(1)(G) provides:

Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter. Section 306(f)(1)(G) is generally applicable to all deportable aliens and, under IIRIRA § 306(c)(1), "shall apply without limitation to

In *LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998) (reh'g & reh'g en banc denied Apr. 9, 1999), issued after the district court granted habeas relief in this case, this court held that AEDPA § 440(a) eliminates habeas corpus jurisdiction in cases to which it applies. *Id.* at 1038–40. Musto's convictions are clearly covered criminal offenses under § 440(a). IIRIRA § 309(c)(4)(G), which is substantially similar to AEDPA § 440(a), further supports the finding that habeas corpus is unavailable to Musto because of his convictions. *Turkhan v. Perryman*, 188 F.3d 814, 820 n. 5, 823 n. 7 (7th Cir.1999). Finally, because Musto is challenging his administrative adjudication and removal order, the catch-all provision of IIRIRA § 306(f)(1)(G), 8 U.S.C. § 1252(g), applies to further bar judicial review. *Singh v. Reno*, 182 F.3d 504, 508–09 (7th Cir.1999); *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir.1999). We find that the district court lacked subject matter jurisdiction and, therefore, reverse the decision granting Musto's petition.

■ While generally precluding judicial review of deportation orders by way of habeas corpus, *LaGuerre* does recognize a safety valve whereby deportees can seek direct review of substantial constitutional issues in the court of appeals. *LaGuerre*, 164 F.3d at 1040. However, like petitioners in *LaGuerre*, Musto brought his action in the wrong court under the wrong statute. *See id.* Because pre-*LaGuerre* case law directed Musto to the district court, we add that even had Musto timely filed in this court, he would not have prevailed. *See Singh*, 182 F.3d 504, 510–11 (considering constitutional arguments despite petitioner's failure to file in the court of appeals within the statutory 30–day deadline set forth in 8 U.S.C. § 1252(b)(1)); *LaGuerre*, 164 F.3d at 1040.

■ Musto first asserts that AEDPA § 440(d) violates his equal protection rights by preventing deportable criminal aliens from applying for a discretionary waiver of deportability while allowing excludable criminal aliens to do so, an argument which was fully considered and rejected in *LaGuerre*. *LaGuerre* at 1041; *see also Turkhan*, 188 F.3d 814, 827–28. Musto further contends that the retroactive application of AEDPA § 440(d) violates his right to due process. We fully considered this argument in *Turkhan*, 188 F.3d at 825–828, noting that retroactive application of AEDPA § 440(d) does not violate due process "*except* in those cases in which the alien conceded deportability before the AEDPA became law *and* had a colorable defense to deportability." *Id.* at 827 (citations omitted) (emphasis in original). In the present case, Musto contested deportability before the IJ. Furthermore, our examination of the record shows that Musto did not have a colorable defense to the charges of deportability; Musto admits that he is an alien, and the government presented certified copies showing Musto had been convicted of covered criminal offenses. *See id.* Musto's constitutional claims lack merit.

We REVERSE and REMAND this case to the district court with instructions to vacate the judgment below and to dismiss the action for lack of subject matter jurisdiction.

claims arising from all past, pending, or future exclusion, deportation, or removal proceedings" under the INA. See *Reno v. American–Arab Comm.*, 525 U.S. 471, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999).