**Victor OKORO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–2377.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 5, 2001.*

Decided Feb. 9, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argu-

Before Hon. COFFEY, Hon. RIPPLE, and Hon. TERENCE T. EVANS, Circuit Judges.

## ORDER

Victor Okoro, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals's (BIA) decision, denying his motion to reopen his deportation proceedings and to reconsider the BIA's previous decision upholding a deportation order entered against him. We deny the petition for review.

Mr. Okoro first entered the United States in 1979 as a nonimmigrant under the assumed name of his cousin, Vincent Osunkwo, using a visa that had been granted to his cousin. In April 1984 Mr. Okoro married Margaret Dixon, an American citizen. Around the same time, Mr. Okoro was placed under deportation proceedings, and following a hearing, was granted voluntary departure. After Mr. Okoro failed to depart voluntarily, he was deported in April 1985.

In July 1987 Mr. Okoro returned to the United States on a 30–day nonimmigrant visa issued under his true name. Several months later, he married Arnetta Hughes, an American citizen, allegedly having been informed that Ms. Dixon had divorced him. Ms. Hughes filed an immediate alien relative visa petition on Mr. Okoro's behalf in October 1990, but in September 1991 the Immigration and Naturalization Service (INS) denied the petition. The same month, the INS issued an order to show cause against Mr. Okoro, charging him with deportability under § 241(a)(1)(A) of the Immigration and Naturalization Act (INA), 8 U.S.C. § 1251(a)(1)(A) (1994).

At the initial deportation hearing, the immigration judge (IJ) granted Mr. Okoro's motion for a continuance so that he could apply to adjust his status to that of a permanent resident pursuant to INA § 245, 8 U.S.C. § 1255 (1994), which authorizes such adjustment for aliens who have an approved visa petition and who are not otherwise inadmissible to the United States for permanent residence. Mr. Okoro filed an application for permanent resident status in February 1992, and one month later, Ms. Hughes filed a second alien relative visa petition on Mr. Okoro's behalf.

At the continued hearing, held in May 1992, Mr. Okoro conceded deportability but moved for another continuance on the ground that Ms. Hughes's second visa petition was still pending. The IJ once again granted the motion and set a final hearing date of November 5, 1992. By that date, however, Ms. Hughes's visa petition still had not been adjudicated, and Mr. Okoro renewed his request for a continuance. This time, the IJ denied the request, finding that Mr. Okoro was not prima facie eligible for adjustment of status under § 245 because he had been previously deported and returned without permission, because he had obtained his visa by fraud, *see* 8 U.S .C. § 1182(a)(6)(B) and (C), and because he had not been "totally candid" in his visa petitions, insofar as he had not disclosed the fact of his first marriage. The IJ also denied Mr. Okoro's alternative request for an adjustment of status, on the ground that he was statutorily ineligible under INA § 245 because no visa petition had been approved on his behalf.

Mr. Okoro appealed to the BIA, arguing in part that Ms. Hughes's visa petition had been pending for some time and that the

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

Fed. R.App. P. 34(a)(2).

INS should not be allowed to benefit from the tactic of "pocketing" petitions. Almost six years later, the BIA affirmed the IJ's decision, holding that the IJ did not have the authority to require the INS district director to adjudicate pending visa petitions. Mr. Okoro subsequently filed a motion to reopen and reconsider, in which he reiterated his argument that Ms. Hughes's visa petition had been pending for over two years. The BIA denied that motion in February 2000.

Mr. Okoro's sole argument on appeal is that § 440(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) should not be applied retroactively to his case. We can dispose of this contention easily. AEDPA § 440(d) amended INA § 212(c), 8 U.S.C. § 1182(c) (1994), by adding certain felonies to the list of offenses that render criminal aliens ineligible for discretionary waivers of deportation.[1] *Jideonwo*, 224 F.3d at 695–96; *Musto*, 193 F.3d at 890. But here, Mr. Okoro did not apply for a discretionary waiver under INA § 212(c), and consequently, he was never found to be ineligible for such a waiver under AEDPA § 440. Mr. Okoro cannot challenge the application of a statute as impermissibly retroactive when that statute was never applied to his case in the first place. *See United States v. Jester*, 139 F.3d 1168, 1172 (7th Cir.1998) (defendant lacked standing to challenge a statute based on the consequences of applying that statute to other people). Because Mr. Okoro does not have standing to raise this argument, we reject his request for relief on this ground.

Finally, we note that Mr. Okoro's statement of "issues presented for review" al-leges that his due process rights were violated by the INS's failure to adjudicate both his adjustment application and Ms. Hughes's visa petition. But because Mr. Okoro has not supported this claim with any argument, it is waived. *See* Fed. R.App. P. 28(a)(9); *NutraSweet Co. v. X–L Eng'g Co.*, 227 F.3d 776, 790 (7th Cir.2000). In any event, as we stated in *Conti v. INS*, 780 F.2d 698, 702 (7th Cir.1985), the INS's decisions with regard to the disposition of a visa application or a change of status application are collateral issues that are not reviewable in deportation proceedings and on appeal from such proceedings. *See also Hassan v. INS*, 110 F.3d 490, 494 (7th Cir.1997). Thus, this claim, even if not waived, would fall outside the purview of this court.

For the above reasons, the petition for review is DENIED.

---

1. INA § 212(c) conferred upon the Attorney General the authority to grant discretionary waivers of deportation to resident aliens for equitable reasons. *Jideonwo v. INS*, 224 F.3d 692, 695 (7th Cir.2000). That section was later repealed and replaced by the Illegal Im-migration Reform and Immigrant Responsibility Act of 1996, *see Musto v. Perryman*, 193 F.3d 888, 890 n. 3 (7th Cir.1999). This legislative action has no effect on the outcome of this case.