# United States Court of Appeals
## For the First Circuit

No. 05-2426

AKIN ONIKOYI,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lipez and Howard, Circuit Judges,
and Hug,* Senior Circuit Judge.

Lidia M. Sanchez, Stephanie Dyson and Dyson Law, P.C., on
brief for petitioner.
Peter D. Keisler, Assistant Attorney General, James E. Grimes,
Senior Litigation Counsel, and Erica B. Miles, Attorney, U.S. Dept.
of Justice, Office of Immigration Litigation, on brief for
respondent.

June 16, 2006

---

* Of the Ninth Circuit, sitting by designation.

**LIPEZ, Circuit Judge**.  Akin Onikoyi has petitioned for review of the decision of the Board of Immigration Appeals denying his applications for adjustment of status and waiver of inadmissibility.  He has also filed a motion for a stay of his voluntary departure period.  We conclude that we have no jurisdiction to consider the merits of Onikoyi's petition for review, given the discretionary nature of the underlying decisions of the Immigration Judge and the Board of Immigration Appeals.  We also deny his motion for a stay of his voluntary departure period.  We reject his argument that we have the authority to reinstate the voluntary departure period after the expiration of the initial voluntary departure period.

## I.

Onikoyi is a citizen of Nigeria who first entered the United States with his wife in 1981 and overstayed his visa.  He was deported under an alias in 1986 and later illegally reentered the United States.  Onikoyi then applied for adjustment of status under the government's amnesty program.  He did not inform the Immigration and Naturalization Service ("INS")[1] that he had previously been deported, which would have signaled that he was ineligible for adjustment of status.  On December 14, 1990, the INS

---

[1] On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice.  Its enforcement functions were transferred to the Department of Homeland Security ("DHS"), pursuant to §§ 441 and 471 of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.

adjusted Onikoyi's status to that of a lawful permanent resident.

In 1993, Onikoyi was arrested for theft. The arrest alerted the INS that he had previously been deported under an alias. He was charged and convicted of illegal reentry. In 1994, the INS issued an Order to Show Cause charging him with deportability based on the conviction and his illegal status.

While the deportation proceedings were pending, Onikoyi's wife became a citizen. She filed a I-130 spousal petition on his behalf so that he could seek adjustment of status. During his deportation hearing, Onikoyi applied for adjustment of status, discretionary waiver of inadmissibility, and, in the alternative, voluntary departure. In 2004, the Immigration Judge ("IJ") denied his applications for adjustment of status and waiver of inadmissibility as a matter of discretion, emphasizing that Onikoyi had deceived government officials on several occasions and that the equities were not in his favor. The IJ granted voluntary departure.

Onikoyi appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On August 25, 2005, the BIA adopted and affirmed the IJ's decision. Onikoyi filed a petition for review and a motion for a stay of deportation on September 23, 2005. The motion for a stay of deportation was denied. On September 29, 2005, he filed a renewed motion for a stay of

deportation and, for the first time, a motion for a stay of his voluntary departure period.

## II.

### A. Jurisdiction

We begin by addressing the statutory provisions governing our jurisdiction in this case. When Onikoyi's proceedings commenced in 1994, judicial review was governed by former § 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. 1105a(a) (1994). During the pendency of Onikoyi's proceedings, however, Congress enacted two laws affecting our jurisdiction over claims raised in immigration petitions. In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), repealing INA § 106(a). IIRIRA, Pub. L. No. 104-208, § 306(b), 110 Stat. 3009. In deportation proceedings commenced prior to IIRIRA's effective date, April 1, 1997, IIRIRA applied "transitional rules," which also narrowed the scope of judicial review. See IIRIRA § 309(c); Ruckbi v. INS, 159 F.3d 18, 20-21 (1st Cir. 1998) (describing transitional rules cases). Because Onikoyi's proceedings commenced in 1994, the transitional rules applied to his case. See Ruckbi, 159 F.3d at 21.

However, in 2005, Congress enacted the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231. Section 106(d) of the REAL ID Act states:

> A petition for review filed under former
> section 106(a) of the Immigration and

Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . ) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section.

Thus, under the REAL ID Act, transitional rules cases are now subject to the jurisdictional rules currently codified in 8 U.S.C. § 1252. See Elia v. Gonzales, 431 F.3d 268, 272-73 (6th Cir. 2005), cert. denied, 126 S. Ct. 2019 (2006). We proceed on that basis.

## B. Onikoyi's Claims

Onikoyi raises two issues on appeal. First, he challenges the denials of his applications for adjustment of status and waiver of inadmissibility. Second, he seeks a stay of his voluntary departure period. We address each issue in turn. "Where the BIA deferred to or adopted the IJ's reasons for denying [the petitioner's] claims, we review those portions of the IJ's decision as part of the final decision of the BIA." Hernandez-Barrera v. Ashcroft, 373 F.3d 9, 20 (1st Cir. 2004) (citation omitted).

### 1. Adjustment of Status and Waiver of Inadmissibility

We do not have jurisdiction to review the discretionary denial of adjustment of status or waiver of inadmissibility. 8 U.S.C. § 1252(a)(2)(B)(i) (stating that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [INA's provisions regarding discretionary waiver of

inadmissibility and adjustment of status]").  We do have jurisdiction to review whether an applicant is statutorily ineligible for discretionary relief, see Singh v. Gonzales, 413 F.3d 156, 160 & n.4 (1st Cir. 2005), and other "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D).

Onikoyi attempts to cast the arguments in his petition for review as questions of law, rather than challenges to the IJ's discretionary determinations in his case.  He argues that the IJ found him statutorily ineligible for discretionary relief and that she "erred as a matter of law" by denying him a waiver of inadmissibility, determining that he had not demonstrated extreme hardship to his citizen spouse and children and finding no other favorable equities in his case.

Onikoyi mischaracterizes the IJ's opinion.  The IJ made clear, for each form of discretionary relief she was denying, that her decision was based on her exercise of discretion.  The IJ did not conclude that Onikoyi was statutorily ineligible for a waiver of inadmissibility or adjustment of status.  Instead, the IJ weighed the equities and explained that "[w]hen a person has the type of criminal history that [Onikoyi] has and the tendency to lie to authorities whenever possible, [relief] should not be granted to him in the proper exercise of this [c]ourt's discretion."  Although the IJ considered Onikoyi's arguments regarding family hardship,

-6-

the IJ concluded that Onikoyi "continued to defraud the United States, and I haven't heard any excuse . . . . [A]ccordingly, respondent's application for adjustment of status, the [] waiver, and permission to return to the United States after being previously deported are all hereby denied."  The BIA adopted and affirmed the IJ's decision to deny his applications for relief "as a matter of discretion."  Thus, we do not have jurisdiction to review the BIA's affirmance of the discretionary decision of the IJ in this case.

## 2. **Voluntary Departure**

In its August 25, 2005 decision, the BIA granted Onikoyi thirty days to voluntarily depart following the issuance of its order.  Onikoyi did not depart during this time period.  He filed a timely petition for review, but did not request a stay of his voluntary departure period until September 29, 2005, after the expiration of his voluntary departure period.

In cases commenced on or after April 1, 1997, the effective date of the enactment of the IIRIRA, we may suspend a voluntary departure period only if the petitioner moves for the suspension before the expiration of the initial voluntary departure period.  See Bocova v. Gonzales, 412 F.3d 257, 268 (1st Cir. 2005).  This requirement was formulated in response to IIRIRA's amendments to the voluntary departure statute and the elimination of judicial review of voluntary departure decisions.  Id.  As we explained,

-7-

> The IIRIRA materially changed the ground rules for voluntary departure by stripping the courts of appeals of jurisdiction to review BIA decisions as to whether to grant voluntary departure and, if so, for how long.
>
> . . . .
>
> [Post-IIRIRA,] an expired voluntary departure period cannot be resuscitated retroactively. After the period has elapsed, there is nothing to suspend and any court order purporting to toll an expired period of voluntary departure would have the effect of creating a new voluntary departure period. Under the IIRIRA, that is impermissible.

Id. at 265, 268. (citations omitted). We further held that the petitioner "must ask explicitly for a stay of voluntary departure; a motion that prays only for a stay of removal will not suffice." Id. at 268.

Onikoyi did not seek to stay or suspend his voluntary departure period until after the period had expired. Thus, in a post-IIRIRA world, where judicial review over voluntary departure periods is eliminated, we would have no power to suspend or reinstate his voluntary departure period. However, in a motion filed after the briefs were submitted in this case, Onikoyi argues that we may still consider his request because his deportation proceedings were commenced prior to the effective date of IIRIRA. Thus, he argues that the pre-IIRIRA voluntary departure statute[2]

---

[2] Along with its restrictions on judicial review and other changes, IIRIRA amended the voluntary departure statute through several new provisions, including a limitation on the length of time during which a person may be permitted to depart voluntarily at the

and the IIRIRA's transitional rules apply. Under those standards, we had jurisdiction to review voluntary departure decisions and could reinstate a period of voluntary departure if the petitioner's appeal "was neither obviously meritless nor apparently interposed solely for purposes of delay" and "the government does not suggest . . . any other reason for refusing the reinstatement." Umanzor-Alvarado v. INS, 896 F.2d 14, 16 (1st Cir. 1990) (emphasis omitted). Onikoyi argues that he is entitled to an extension or reinstatement of his voluntary departure period under the pre-IIRIRA standards.

However, as we discussed above, the REAL ID Act ensures that the restrictions on judicial review currently codified in 8 U.S.C. § 1252 apply to transitional rules cases. See Elia, 431 F.3d at 272-73. Among those restrictions is the elimination of our jurisdiction to review voluntary departure determinations. 8 U.S.C. § 1252(a)(2)(B)(i). Thus, the logic of Bocova applies here. See Bocova, 412 F.3d at 266-68. Without jurisdiction to review voluntary departure determinations, "we no longer have the authority . . . either to fashion a new voluntary departure period

conclusion of his or her removal proceedings. See 8 U.S.C. § 1229c(b)(2)("Permission to depart voluntarily under this subsection shall not be valid for a period exceeding 60 days."); see also 8 C.F.R. § 1240.26(f). IIRIRA also increased the penalties for failing to depart voluntarily within the specified period. See 8 U.S.C. § 1229c(d)(1) (imposing a ten-year bar to certain forms of relief from removal and a civil penalty ranging from $ 1,000 to $ 5,000).

or to reinstate an expired one." Id. at 266.  We therefore deny Onikoyi's motion to stay his expired voluntary departure period.

**III**.

The petition for review and the motion to stay the petitioner's voluntary departure period are denied.

So ordered.