18-1481-cv
White v. Berryhill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of February, two thousand nineteen.

PRESENT: RAYMOND J. LOHIER, JR.,
                 SUSAN L. CARNEY,
                 RICHARD J. SULLIVAN,
                      *Circuit Judges.*

-----------------------------------------------------------------

JAMES WHITE,

       *Plaintiff-Appellant,*

       v.                                No. 18-1481-cv

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

       *Defendant-Appellee.*

-----------------------------------------------------------------

FOR APPELLANT:               MARK SCHNEIDER, Schneider & Palcsik, Plattsburgh, NY.

FOR APPELLEE: JAMES DESIR, Special Assistant United States Attorney, New York, NY (Stephen P. Conte, Regional Chief Counsel— Region II, Office of the General Counsel, Social Security Administration, New York, NY, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Daniel J. Stewart, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

James White appeals from a judgment of the District Court (Stewart, M.J.) that affirmed a decision of the Acting Commissioner of Social Security to deny White's request for disability benefits and dismissed White's complaint. White applied for Supplemental Security Income in 2014, and in 2016 an Administrative Law Judge (ALJ) concluded that White was not disabled. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

When deciding an appeal from a denial of disability benefits, "[w]e conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014) (quotation marks omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quotation marks omitted). "The claimant has the general burden of proving that he or she has a disability within the meaning of the Act." Cichocki v. Astrue, 729 F.3d 172, 176 (2d Cir. 2013).

The ALJ found that White's impairments did not meet or "medically equal" a listed impairment. 20 C.F.R. § 416.925; see 20 C.F.R. §§ 416.920(d), 416.926. White has waived any argument that his impairments meet the requirements of Listing 1.04(A) because he conceded in the District Court that they do not. Def.'s App'x 16. White likewise forfeited the argument that his impairments medically equal Listing 1.04(A) since he did not raise that argument before the District Court. In any case, there is substantial evidence that White's

3

impairments do not medically equal Listing 1.04(A), which requires, among other things, "motor loss (atrophy with associated muscle weakness or muscle weakness)." 20 C.F.R. Pt. 404, Subpt. P, App. 1. On appeal, White concedes that he has not experienced motor loss, and he does not explain how any of his other impairments are "at least of equal medical significance to" motor loss or Listing 1.04(A)'s overall criteria. 20 C.F.R. § 416.926(b)(1)-(3). To the contrary, the record reflects that White consistently showed normal balance, strength, and reflexes in his arms and legs.

Substantial evidence also supports the ALJ's determination that White had the residual functional capacity (RFC) to perform a modified version of light work. White argues that in making that determination the ALJ was required to explain how he factored White's obesity into his analysis of White's physical limitations. It is true that the ALJ did not explicitly discuss how White's obesity affected his limitations. But the ALJ "implicitly factored [White]'s obesity into his RFC determination by relying on medical reports that . . . noted [White]'s obesity." Drake v. Astrue, 443 F. App'x 653, 657 (2d Cir. 2011). In any event, because White never specified how his obesity further limited his functioning,

4

any error on the ALJ's part was harmless. See Prochaska v. Barnhart, 454 F.3d 731, 737 (7th Cir. 2006).

White also argues that the ALJ could not properly have inferred that White was able to perform light work "on a full-time sustained basis" from Dr. Nader Wassef's opinion that White had "moderate limitations" in standing, sitting, and performing other activities. See Pl.'s Br. 36. But Dr. Wassef considered whether White could "sit[] . . . for long periods of time," R. 275, and the ALJ's determination is supported by diagnostic and opinion evidence, examination and treatment notes, and evidence of White's daily activities. Nor did the ALJ err in concluding that White's testimony regarding "the intensity, persistence, and limiting effects of his symptoms" was not fully consistent with the evidence. Sp. App'x 10; see Genier v. Astrue, 606 F.3d 46, 49-50 (2d Cir. 2010). On this record, we cannot conclude that "a reasonable factfinder would have to conclude" that White lacked the ability to perform light work with the limitations articulated by the ALJ. Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (quotation marks omitted).

We have considered White's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

                                            FOR THE COURT:
                                            Catherine O'Hagan Wolfe, Clerk of Court