# United States Court of Appeals
## For the First Circuit

---

No. 14-1056

JUAN RAMIREZ-MATIAS,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

---

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

---

Before

Howard, Selya and Thompson,
<u>Circuit Judges</u>.

---

Kevin MacMurray and MacMurray & Associates on brief for petitioner.

Stuart F. Delery, Assistant Attorney General, Civil Division, Leslie McKay, Assistant Director, and Melissa Neiman-Kelting, Senior Litigation Counsel, Office of Immigration Litigation, on brief for respondent.

---

February 13, 2015

---

**SELYA, Circuit Judge.** Federal courts are courts of limited jurisdiction — and those limits demand strict adherence. As we explain below, the petitioner crosses this jurisdictional line.

The petitioner's claims of error can be divided into two tranches. The first tranche involves an agency decision under the Nicaraguan Adjustment and Central American Relief Act (NACARA), see Pub. L. No. 105-100, §§ 201-204, 111 Stat. 2160, 2196-2201 (codified as amended in scattered sections of 8 U.S.C.) — a decision that Congress has removed from the jurisdiction of the Article III courts. See 8 U.S.C. § 1252(a)(2)(B). The second tranche involves claims of error that are unexhausted and, thus, unsuitable for judicial review. See, e.g., Wan v. Holder, ___ F.3d ___, ___ (1st Cir. 2015) [Nos. 13-1893, 14-1285, slip op. at 7] (explaining that an alien must exhaust all administrative remedies to confer jurisdiction on a federal court).

The facts are straightforward. Petitioner Juan Ramirez-Matias, a Guatemalan national, entered the United States without inspection in 1990 and has remained unlawfully, save for a two-month visit to his homeland. In August of 2008, the Department of Homeland Security commenced removal proceedings against him. See 8 U.S.C. § 1182(a)(6)(A)(i). The petitioner conceded removability and cross-applied for discretionary relief under NACARA in the form of special rule cancellation of removal or, in the alternative, for

-2-

asylum, withholding of removal, or protection under the United Nations Convention Against Torture (CAT).

Although the petitioner admitted that he had neither been threatened nor physically harmed while residing in Guatemala, he asserted that he left to escape an ongoing civil war. He claimed to fear returning to Guatemala because his return would bring back negative memories of the war. As an additional ground for relief, he argued that he does not wish to be separated from his children (one of whom is a special needs child) and that, if he takes his children to Guatemala, he will not be able to support them.

The discretionary nature of NACARA relief brought the petitioner's moral character into issue before the immigration judge (IJ). In his testimony, the petitioner was confronted with two earlier domestic violence charges. The first — for battery — occurred in 1994; the second — for assault — occurred in 2006.

The police report for the first incident states that the petitioner's first wife, displaying visible marks, complained to the responding officers that he had struck her several times in the face. Both the petitioner and his first wife testified before the IJ and contradicted this account.

The 2006 police report states that the police responded to a call reporting a domestic dispute. There, the petitioner's second wife told police that the petitioner had struck her in the face and mouth. She had a bruise on her face and a bleeding cut on

her lip consistent with this account. Before the IJ, however, both the petitioner and his second wife disclaimed this version of events.

The IJ denied the petitioner's entreaties for special rule cancellation of removal, asylum, withholding of removal, and CAT protection. He premised his decision denying special rule cancellation of removal on a finding that, although the petitioner met the continuous physical presence requirement and demonstrated the requisite level of hardship with respect to his special needs child, he did not merit a favorable exercise of discretion. In this regard, the IJ expressed grave concern about the domestic assault charges and what he characterized as perjurious testimony by the petitioner and his two witnesses. The IJ also denied the petitioner's asylum and withholding of removal claims (finding, inter alia, that he neither was a victim of past persecution nor subject to a well-founded fear of future persecution) and rejected the CAT claim as well (noting that the petitioner had made no showing that he would be tortured if repatriated).

The petitioner appealed to the Board of Immigration Appeals (BIA). His appeal focused almost exclusively on the denial of his NACARA claim and made only a perfunctory protest of the denial of his other claims. The BIA upheld the IJ's denial of special rule cancellation of removal under NACARA as an appropriate exercise of discretion. At the same time, the BIA affirmed the

IJ's rejection of the petitioner's remaining claims for relief. This timely petition for judicial review followed.

In this venue, the petitioner attempts to pursue two lines of attack. First, he asseverates that the denial of special rule cancellation of removal constituted an abuse of discretion. Second, he asseverates that the denial of his other requests for relief was unwarranted.[1] Where, as here, the BIA adopts and affirms the IJ's decision but adds reasoning of its own, we review the tiered decisions as a unit. See Chen v. Holder, 703 F.3d 17, 21 (1st Cir. 2012); Berrio-Barrera v. Gonzales, 460 F.3d 163, 167 (1st Cir. 2006).

We start with the denial of the petitioner's application for special rule cancellation of removal. That application invoked NACARA, a statute that amended the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 to allow certain aliens (including those from Guatemala) to apply for special rule cancellation of removal. See Gonzalez-Ruano v. Holder, 662 F.3d 59, 60-61 (1st Cir. 2011). NACARA enables non-citizen aliens who are facing removal to apply for "discretionary relief under prior, more generous statutory standards." Id. at 60.

To qualify for relief under NACARA, a Guatemalan national must have entered the United States on or prior to October 1, 1990,

---

[1] In this court, as in the proceedings before the BIA, the petitioner has not attempted to make out a CAT claim. Thus, we make no further reference to such a claim.

and must have registered for benefits under <u>American Baptist Churches, Inc.</u> v. <u>Thornburgh</u>, 760 F. Supp. 796 (N.D. Cal. 1991) prior to December 31, 1991.[2] <u>See</u> NACARA, Pub. L. No. 105-100, sec. 203(a)(1), § 309(c)(5)(C)(i)(I)(bb), 111 Stat. at 2197 (codified at 8 U.S.C. 1101 note); 8 C.F.R. §§ 1240.61(a); 1240.66(a). Additionally, such a person (who, like the petitioner, is not inadmissible under 8 U.S.C. § 1182(a)(2) or (3)) must demonstrate a seven-year period of continuous presence in the United States, good moral character, and extreme hardship. <u>See</u> 8 C.F.R. § 1240.66(b); <u>see also</u> <u>Gonzalez-Ruano</u>, 662 F.3d at 61. The applicant has the burden of proving by preponderant evidence that he satisfies these baseline eligibility requirements. <u>See</u> 8 C.F.R. §§ 1240.64(a), 1240.66; <u>see also</u> <u>Gonzalez-Ruano</u>, 662 F.3d at 61. If so, the applicant must then persuade the immigration court that he merits a favorable exercise of its discretion. <u>See</u> 8 C.F.R. § 1240.64(a); <u>see also</u> <u>Gonzalez-Ruano</u>, 662 F.3d at 61.

In this instance, the IJ (and, on appeal, the BIA) balanced the positive and negative equities and found, as an exercise of discretion, that the petitioner was not entitled to relief. As a general rule, federal courts lack jurisdiction to review discretionary decisions denying relief from removal. <u>See</u> 8 U.S.C. § 1252(a)(2)(B); <u>see also</u> <u>Ayeni</u> v. <u>Holder</u>, 617 F.3d 67, 70

_____

[2] There is no dispute here that the petitioner meets these threshold requirements.

-6-

(1st Cir. 2010). But this rule, like virtually every other general rule, admits of exceptions. One such exception inures when the claim presented to a federal court embodies colorable constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); see also Castro v. Holder, 727 F.3d 125, 128 (1st Cir. 2013); Gonzalez-Ruano, 662 F.3d at 63. The petitioner's argument is confused, but we read it (favorably to him) as implying that his case comes within the compass of this exception.

In determining whether a petitioner has raised a colorable constitutional claim or question of law, substance must triumph over form. An alien cannot "transform an unreviewable issue of fact into a reviewable issue of law" by the simple expedient of cloaking what is essentially a factual claim in the raiment of constitutional or legal error. Alvarado v. Holder, 743 F.3d 271, 275 (1st Cir. 2014). Put another way, we must look to the meat of the petitioner's arguments, not to the packaging in which they are wrapped. See Ayeni, 617 F.3d at 70-71.

Despite the petitioner's efforts at creative labeling, we discern here no colorable constitutional claim or question of law. In his petition for judicial review and his accompanying brief, the petitioner's argument is quite pointed. He submits that the IJ bungled the decision on special rule cancellation of removal by relying on hearsay evidence (particularly the police reports) to determine that the petitioner did not deserve a favorable exercise

-7-

of discretion.  This was error, the petitioner insists, because the police reports were contradicted by live testimony.  Thus, the IJ gave the police reports "too much weight."  And to make a bad situation worse, the IJ (so the petitioner says) failed to assess the "probative value" of the police reports properly, and should have discounted them in the interest of "fundamental fairness."

We think it readily apparent that the petitioner's attack on the agency's decisionmaking with respect to special rule cancellation of removal is hopelessly factbound.  There is no hint of any cognizable constitutional claim or question of law.  Rather, the petitioner's plaint depends on an assertion that the IJ abused his discretion by mis-weighing the evidence before him and that the BIA, in turn, improvidently placed its imprimatur on that mis-weighing.  At the heart of this assertion is the petitioner's disagreement with the agency's view of the relative credibility of the police reports and the testimony proffered to contradict them. That is a factual determination and, therefore, a determination that we have no jurisdiction to review.  See Castro, 727 F.3d at 129-30 (concluding, in NACARA case, that court lacked jurisdiction because the petitioner's claims on appeal merely attacked factual findings).  While Rumpelstiltskin may have claimed the ability to transform dross into gold, the petitioner cannot, by word play and exhortation, transform a factual question into a question of law.

That ends this aspect of the matter. Simply put, a challenge to the way in which the agency weighed the evidence and balanced negative and positive factors is not a claim that raises a legal question. See Santana-Medina v. Holder, 616 F.3d 49, 52-53 (1st Cir. 2010); Elysee v. Gonzales, 437 F.3d 221, 223-24 (1st Cir. 2006). It follows inexorably that, in the circumstances of this case, we lack jurisdiction to review the agency's denial of special rule cancellation of removal.

The petitioner's remaining remonstrance implicates the denial of asylum and withholding of removal. He predicates this remonstrance on his putative membership in a social group comprised of indigenous Guatemalans. Members of this social group, he says, were persecuted during Guatemala's Civil War, and he claims to have fled from his homeland because he feared the Guatemalan military and knew that the government was unwilling (or, at least, unable) to protect him.

Although this theory (or a variation of it) was arguably advanced before the IJ and is spelled out in the petitioner's brief in this venue, there is a threshold problem. The petitioner did not present this theory to the BIA. Instead, he concentrated his fire on his NACARA claim and paid no more than lip service to his other claims. The petitioner's perfunctory assertion that the IJ

erred in denying other forms of relief was made only in generalized and non-specific terms.[3]

Faced with an absence of developed argumentation, the BIA concluded that the petitioner had failed meaningfully to address the merits of the IJ's denial of asylum and withholding of removal. In immigration cases, an alien cannot leapfrog over the BIA; that is, he cannot proffer a theory to the IJ, forgo any presentation of that theory to the BIA, and then resurrect the theory on a petition for judicial review. See Wu v. Holder, 705 F.3d 1, 3 (1st Cir. 2013); Sombah v. Mukasey, 529 F.3d 49, 52 (1st Cir. 2008). A failure to present developed argumentation to the BIA on a particular theory amounts to a failure to exhaust administrative remedies as to that theory. See Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004) (explaining that "theories not advanced before the BIA may not be surfaced for the first time in a petition for judicial review of the BIA's final order").

It is apodictic that a court lacks jurisdiction to review unexhausted claims. See 8 U.S.C. § 1252(d)(1); Wan, ___ F.3d at ___ [slip op. at 7]; Berrio-Barrera, 460 F.3d at 167; Makhoul, 387 F.3d at 80. Accordingly, it is not within our proper province to entertain the petitioner's unexhausted theory as to why the IJ

---

[3] To be specific, the petitioner's brief to the BIA asserted only that the IJ "made material errors of law, discretion and fact" in connection with the denial of asylum and withholding of removal. The brief did not attempt to illuminate this conclusory assertion in any way, shape, or form.

-10-

supposedly erred in denying him asylum and/or withholding of removal.

We need go no further.  For the reasons elucidated above, we dismiss the petition for judicial review for want of jurisdiction.

**<u>Dismissed.</u>**