**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2390
_____

BRAHIM ZHOURI,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A056-457-403)
Immigration Judge:  Honorable Quynh V. Bain
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2015
Before:  FUENTES, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 14, 2015 )
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brahim Zhouri petitions for review of his final order of removal. We will dismiss the petition in part and deny it part.

I.

Zhouri is a citizen of Morocco who became a lawful permanent resident of the United States. In 2012, his former live-in girlfriend obtained a Protection From Abuse order ("PFA") against him in Dauphin County, Pennsylvania, following an incident in which she alleged that Zhouri cut her with a knife. As a result of that incident, Zhouri pleaded guilty to simple assault on March 26, 2013. Zhouri's former girlfriend later told authorities that she returned to her residence one night and found Zhouri there in violation of the PFA. That incident resulted in Zhouri's pleas of guilty (1) on January 7, 2014, to indirect criminal contempt for violating the PFA, and (2) on February 11, 2014, to criminal trespass.

The Government later charged Zhouri with removability as an "alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued[.]" 8 U.S.C. § 1227(a)(2)(E)(ii).

An Immigration Judge ("IJ") found Zhouri removable on that basis (A.R. 121), and Zhouri applied for cancellation of removal under 8 U.S.C. § 1229b(a). After Zhouri notified the IJ that he was seeking relief from his convictions under Pennsylvania's Post

Conviction Relief Act ("PCRA"), the IJ continued his hearing to allow him to pursue PCRA relief. The PCRA court ultimately denied Zhouri's PCRA petition, and the IJ proceeded with Zhouri's hearing on cancellation. At the hearing, Zhouri, his sister and her husband testified. Zhouri claimed that he had not committed any crime but had pleaded guilty only because he felt pressured and wanted to avoid jail. The IJ concluded that Zhouri was statutorily eligible for cancellation, but she denied his application after balancing the positive and negative factors and determining that he did not merit a favorable exercise of discretion. See In re C-V-T-, 22 I. & N. Dec. 7, 11 (BIA 1998).

In particular, the IJ concluded that Zhouri was "not entirely credible" because his denials of criminal conduct contradicted the police reports and his guilty pleas. The IJ also ruled in the alternative that, even if Zhouri were credible, he still did not merit a favorable exercise of discretion. The IJ acknowledged the equities in Zhouri's favor, including his gainful employment in and family ties to the United States, but she concluded that they were outweighed by his recent criminal convictions and the fact that his family ties to Morocco are even greater. The Board of Immigration Appeals ("BIA") agreed with the IJ and dismissed Zhouri's appeal on the merits. Zhouri was represented by counsel before the IJ and the BIA, but he now petitions for review pro se.

## II.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1), but we lack jurisdiction to review the discretionary denial of cancellation of removal except to the extent that a petition presents a constitutional claim or question of

law.  See 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D); Johnson v. Att'y Gen., 602 F.3d 508, 510 (3d Cir. 2010).  The Government has filed a motion to dismiss Zhouri's petition for lack of jurisdiction on the ground that Zhouri has raised only factual and discretionary challenges that we lack jurisdiction to review.  We agree in part and will dismiss the petition to the extent that it raises such challenges.[1]

Zhouri's brief can be construed to raise three issues that arguably are legal in nature, but each lacks merit.  First, Zhouri cites C-V-T- and appears to argue that the IJ failed to apply the proper legal standard because the IJ relied solely on the factors weighing against cancellation without considering the factors weighing in its favor.  Both the IJ and the BIA, however, expressly applied the C-V-T- standard and acknowledged equities weighing in favor of cancellation.  Zhouri does not specify any specific favorable factor that he believes the Agency overlooked, and any argument in that regard likely would raise a non-reviewable factual issue even if he had.  See Jarbough, 483 F.3d at 189.

Second, Zhouri argues that the IJ should not have relied on his guilty pleas and resultant convictions because he did not understand the immigration consequences of pleading guilty and is seeking collateral relief on that basis.  Zhouri did not directly

---

[1] Zhouri argues, for example, that his testimony supports the relief he requested, that the positive factors outweigh any negative factors, and that the evidence does not establish his danger to the community.  "[A]rguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)."  Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007).

appeal his convictions, however, and convictions remain final for immigration purposes notwithstanding the pendency of a collateral attack. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008). The IJ continued Zhouri's hearing to permit him to pursue such an attack before the PCRA court, which denied his petition, and Zhouri does not claim that his convictions have been otherwise invalidated. Thus, the IJ did not err in relying on Zhouri's presumptively valid convictions.[2]

Finally, Zhouri argues that the IJ improperly relied on police reports containing hearsay statements by his former girlfriend and should have given more weight to his live testimony. To the extent Zhouri argues that the IJ should have weighed the police reports and his testimony differently, that argument presents a factual or discretionary determination that we lack jurisdiction to review. See Ramirez-Matias v. Holder, 778 F.3d 322, 326 (1st Cir. 2015) (holding that a petitioner's "disagreement with the agency's

---

[2] Zhouri appended to his brief certain documents relating to his PCRA proceeding. He also has filed a motion to enlarge the record with a copy of his brief on his still-pending PCRA appeal to the Pennsylvania Superior Court. From that filing, it appears that Zhouri's PCRA challenge is limited to his conviction of criminal trespass. The Government opposes Zhouri's motion and has filed a motion of its own to strike the materials appended to Zhouri's brief. We agree with the Government that our review generally is limited to the Administrative Record. See 8 U.S.C. § 1252(b)(4)(A). We need not address the merits of these motions, however, because consideration of Zhouri's new evidence would not affect the outcome of this petition for the reasons discussed above. If Zhouri succeeds in invalidating a relevant conviction on collateral review, his remedy will be to file a motion to reopen with the BIA. See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We express no opinion on whether invalidation of the conviction he challenges in his PCRA proceeding or any other would warrant relief.

view of the relative credibility of the police reports and the testimony proffered to contradict them" raised a factual issue unreviewable in this context).

To the extent Zhouri argues that it was legally impermissible for the IJ to rely on the police reports, his argument lacks merit. The Federal Rules of Evidence do not apply in administrative immigration proceedings, and Zhouri does not claim that the police reports were so unreliable as to render their use fundamentally unfair as a matter of due process. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). Other Courts of Appeals and the BIA have held that IJs may rely on police reports in determining how to exercise their discretion even when those reports relate to arrests that did not result in a conviction. See, e.g., Arias-Minaya v. Holder, 779 F.3d 49, 54 (1st Cir. 2015) (collecting cases); In re Thomas, 21 I. & N. Dec. 20, 23 (BIA 1995) (same). We need not address that issue in this case because Zhouri pleaded guilty and his convictions remain final and presumptively valid for immigration purposes. Zhouri testified that he did not actually commit the crimes at issue, but the IJ concluded that his testimony was at odds with the police reports and his own guilty pleas. We discern no legal error in the IJ's reliance on the police reports under these circumstances.

For these reasons, the Government's motion to dismiss is granted in part and denied in part, and we will dismiss in part and deny in part Zhouri's petition for review. Zhouri's motion to expand the record and the Government's motion to strike documents appended to his brief are denied.