**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1307

WILLIAM YAMOAH,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,*

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Thompson, Lipez, and Kayatta,
Circuit Judges.

Joanna M. Golding and Trupti N. Patel & Associates on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Office of Immigration Litigation, and Kathryn L. DeAngelis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, on brief for respondent.

May 6, 2016

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

**LIPEZ**, **Circuit Judge**.  Petitioner William Yamoah seeks review of a decision denying his application for adjustment of immigration status and ordering his removal to Ghana.  An Immigration Judge ("IJ") denied Yamoah's application based on his statutory ineligibility for adjustment and, in the alternative, on discretionary grounds.[1]  The Board of Immigration Appeals ("BIA") affirmed the IJ's decision as a matter of discretion.  Yamoah petitions for review of the decision.  We dismiss the petition for want of jurisdiction.

## I.

In November 2007, William Yamoah, a citizen of Ghana, entered the United States on a one-month business visa and stayed beyond the authorized period.  In July 2008, Yamoah married Tashani Sherrel Strother, whom he had met his first month in the country.  Following the marriage, Yamoah filed an application to adjust his immigration status to that of a permanent resident based on Strother's visa petition for her new husband.  See 8 U.S.C. § 1255(a).

---

[1] The IJ also denied Yamoah's request for voluntary departure based on ineligibility and, alternatively, as a matter of discretion.  Yamoah appealed to the Board of Immigration Appeals ("BIA"), challenging the IJ's decision that he was ineligible both for adjustment of status and voluntary departure.  The BIA affirmed the IJ's decision on both issues as a matter of discretion.  Yamoah, however, has not asked this court to review the BIA's denial of his request for voluntary departure.

In July 2009, U.S. Citizenship and Immigration Services ("USCIS") denied Strother's petition to classify Yamoah as the spouse of a U.S. citizen due to discrepancies between Yamoah's and Strother's USCIS interview responses and Strother's subsequent failure to respond in a timely fashion to notice of these discrepancies.  The Department of Homeland Security ("DHS") then charged Yamoah with removability for remaining in the United States after his visa expired and issued Yamoah a Notice to Appear in Immigration Court.  See 8 U.S.C. § 1227(a)(1)(B).  Yamoah conceded removability and indicated that he sought an adjustment of immigration status or, in the alternative, voluntary departure. Before removal hearings began, Strother filed a second visa petition for Yamoah, which was approved in June 2011.

At the March 2012 hearing to decide Yamoah's application for adjustment of status, Yamoah and Strother both testified. Their accounts differed with regard to Yamoah's presence at the birth of Strother's daughter, the reasons that the couple live apart, the source of Strother's rent payments, and time spent together.  Additionally, Strother testified that she received welfare benefits, that she had not told the welfare agency that she is married to avoid losing some benefits, and that she understood that failing to disclose her marriage is a crime.

At the conclusion of the testimony, the IJ informed DHS and Yamoah that they could submit written closing statements, if

desired.  Yamoah submitted several items to the court, including a written closing statement and three affidavits: one from Strother and two of his own.[2]

On May 1, 2012, the IJ denied Yamoah's application for adjustment of immigration status and ordered him removed to Ghana. Based on the "numerous inconsistencies" in Yamoah's and Strother's testimony, the IJ did not find either credible.  The IJ referenced the explanations (or lack thereof) provided in the post-hearing submissions with regard to every inconsistency discussed in the credibility determination.  Most significant, according to the IJ, were the conflicting accounts of Yamoah's whereabouts during Strother's delivery of her daughter.

After finding Yamoah ineligible for adjustment of status because he provided false testimony as to the bona fides of his marriage, see 8 U.S.C. §§ 1182(a)(6)(C)(i), 1255(a), the IJ explained that even if Yamoah were eligible for adjustment, the court would deny his application as a matter of discretion.  In making this alternative, discretionary determination, the IJ listed Yamoah's U.S. citizen wife and child, four-year residence

_____

[2] The statement and affidavits attempted to clarify certain issues and inconsistencies between Yamoah's and Strother's testimony.  The affidavits describe how the two met, the events surrounding the birth of Strother's daughter, the division of funds within the household, and time spent together.  Furthermore, in his first affidavit, Yamoah attests that he was unaware that Strother had committed a crime by not disclosing their marriage to the welfare agency.

in the United States, payment of taxes, history of employment, and nonexistent criminal record as positive factors.  The IJ, however, found that Yamoah's failure to take post-hearing action to correct Strother's welfare fraud made him a knowing participant in the fraud.  This knowing participation, as well as the IJ's finding that Yamoah falsely testified about his marriage, led the IJ to decide that Yamoah's negative equities outweighed his positive equities, which justified a denial of Yamoah's adjustment application on discretionary grounds.

Yamoah appealed to the BIA on the basis that the IJ erred in finding Yamoah ineligible to adjust.  The BIA did not address Yamoah's eligibility, but it affirmed the IJ's discretionary decision to deny Yamoah's request for adjustment after assessing Yamoah's positive and negative equities.  This timely petition for review followed.

## II.

### A.  Legal Framework

The Attorney General may, at her discretion, adjust the status of an alien who has been admitted into the United States to that of a permanent resident if (1) the alien applies for adjustment, (2) "the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence," and (3) an immigrant visa is available to him when he files his application.  8 U.S.C. § 1255(a).  An alien may be

classified as inadmissible, and thus ineligible for adjustment under the second prong of § 1255(a), if "by fraud or willfully misrepresenting a material fact, [the alien] seeks to procure . . . a visa, other documentation, or admission into the United States or other benefit provided under" the Immigration and Nationality chapter of the U.S. Code.  Id. § 1182(a)(6)(C)(i).

If, however, there are no admissibility obstacles and an alien in removal proceedings is deemed statutorily eligible, then the IJ, acting under the authority of the Attorney General, exercises discretion to determine whether to adjust.  See id. § 1255(a).  Unless the petitioner raises a colorable legal or constitutional claim, id. § 1252(a)(2)(D), under the Immigration and Nationality Act ("INA"), the courts lack jurisdiction to review the discretionary decision on a § 1255 adjustment petition, id. § 1252(a)(2)(B), (a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1255 . . . ."); see Mele v. Lynch, 798 F.3d 30, 32 (1st Cir. 2015) ("[W]e lack jurisdiction to review the purely discretionary decisions made under the . . . statutory sections identified in § 1252(a)(2)(B)(i).").  We, of course, have jurisdiction to examine and determine whether we have jurisdiction under the statute.  See Mele, 798 F.3d at 31–32.

**B. Scope of Review**

Where the BIA adopts or defers to "the IJ's reasons for denying [the petitioner's] claims, we review those portions of the IJ's decision as part of the final decision of the BIA." Onikoyi v. Gonzales, 454 F.3d 1, 3 (1st Cir. 2006) (alteration in original) (quoting Hernandez-Barrera v. Ashcroft, 373 F.3d 9, 20 (1st Cir. 2004)). On those issues where the BIA does not adopt or incorporate the IJ's opinion, we review the BIA's decision alone. See Sou v. Gonzales, 450 F.3d 1, 6 (1st Cir. 2006); Halo v. Gonzales, 419 F.3d 15, 18-20 (1st Cir. 2005); see also Yang v. U.S. Dep't of Justice, 426 F.3d 520, 522 (2d Cir. 2005) ("[W]e review the judgment of the IJ as modified by the BIA's decision— that is, minus the single argument for denying relief that was rejected by the BIA."). As we discuss below, our review differs with respect to each of Yamoah's individual claims.

**C. Analysis**

Yamoah's brief includes a plethora of grievances all under the heading of a due process violation. These grievances reduce to three primary arguments: (1) the IJ erred when finding Yamoah ineligible for adjustment, based on a flawed credibility finding; (2) when making her discretionary decision, the IJ failed to allow additional testimony pertaining to Yamoah's participation in Strother's welfare fraud; and (3) the IJ failed to inform Yamoah of his eligibility for relief via an I-601 waiver.

## 1. Ineligibility

Yamoah appealed to the BIA on the ground that the IJ erred in finding him ineligible for adjustment of status. The BIA's decision neither addressed the matter of eligibility nor incorporated the IJ's discussion of the matter into its decision. Therefore, with respect to the eligibility decision, where the BIA did not incorporate or adopt the IJ's eligibility determination, we take the BIA's decision alone. See Halo, 419 F.3d at 18-19.

Unlike the IJ, the BIA did not first find Yamoah ineligible before going on to explain that, even if he were eligible, it would deny adjustment as a discretionary matter. Nor did the BIA summarily affirm the IJ's well-reasoned ineligibility decision.[3] Under normal circumstances, if the BIA's position is unclear, we would remand to ensure that, as the reviewing court, we can adequately evaluate the agency's final decision. See Gailius v. INS, 147 F.3d 34, 44 (1st Cir. 1998) ("'[A] reviewing

---

[3] The logical inference from the BIA's decision to forego discussion of eligibility and move directly to a denial of adjustment as a matter of discretion is that the BIA assumed, for argument's sake, Yamoah statutorily eligible for adjustment. After all, the discretionary decision would have been unnecessary unless the BIA at least assumed Yamoah eligible for adjustment. See Ruckbi v. INS, 159 F.3d 18, 19 (1st Cir. 1998) ("Once the alien has established threshold statutory eligibility, he must additionally demonstrate to the Attorney General's satisfaction that he merits relief in the exercise of discretion."). Our review has been complicated by the BIA's silence on eligibility and the government's similar failure to respond to Yamoah's arguments concerning the IJ's eligibility decision.

court . . . must judge the propriety of [administrative] action solely by the grounds invoked by the agency,' and 'that basis must be set forth with such clarity as to be understandable.'" (omission and second alteration in original) (quoting SEC v. Chenery Corp., 332 U.S. 194, 196 (1947))). Here, however, remand is unnecessary because, as we discuss below, the BIA denied Yamoah's application on an alternative, discretionary ground that we lack jurisdiction to review. See 8 U.S.C. § 1252(a)(2)(B)(i). Where two alternative grounds for a decision exist, and we do not have jurisdiction to review one, "any opinion of ours reviewing the nondiscretionary ground could not affect the final order's validity and so would be advisory only."[4] Zajanckauskas v. Holder, 611 F.3d 87, 90 (1st Cir. 2010) (quoting Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir. 2005)). We thus do not review Yamoah's eligibility claim.

**2. The discretionary decision**

Yamoah argues that the IJ violated his due process rights by not giving him an opportunity to address his role in Strother's welfare fraud, which was referenced as a negative equity in the decisions of both the IJ and the BIA to deny adjustment as a matter

---

[4] However, where an alternative, nondiscretionary ground forms the basis for the discretionary judgment, we may review the nondiscretionary ground. See Restrepo v. Holder, 676 F.3d 10, 16 (1st Cir. 2012); see also Singh v. Gonzales, 468 F.3d 135, 138 (2d Cir. 2006).

of discretion.  We consider the two discretionary decisions together.  See Restrepo, 676 F.3d at 15.

As stated above, the INA deprives the courts of jurisdiction to review such discretionary decisions, unless the challenge to the decision involves claims that either are constitutional in nature or address questions of law.  See 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D).  Therefore, to complete the jurisdictional analysis, we must determine whether Yamoah's challenge falls within this exception.

Yamoah argues that the IJ did not give him an adequate opportunity to address his role in Strother's welfare fraud.  Even putting aside the invitation, submission, acceptance, and consideration of a post-hearing statement and three affidavits from Yamoah and Strother, Yamoah does not explain what efforts he made to submit any additional evidence or the substance of such evidence.  Yamoah attempts to repackage the weighing of the equities by the IJ and BIA and the ultimate decision to deny his adjustment request as a due process violation.  But we have previously held that "cloaking" or "[s]tyling" factual arguments as constitutional claims does not alone make them so.  Ramirez-Matias v. Holder, 778 F.3d 322, 326 (1st Cir. 2015); Alvarado v. Holder, 743 F.3d 271, 275 (1st Cir. 2014).  Rather, a constitutional claim must be colorable -- in other words, "at least potentially valid" -- to confer jurisdiction upon the courts.

- 10 -

Alvarado, 743 F.3d at 275.  Yamoah's claim ultimately takes issue with the weight assigned by the IJ, and later by the BIA, to Yamoah's role in Strother's welfare fraud.  This claim cannot be characterized as a colorable constitutional claim and therefore falls outside of our jurisdiction.[5]  See Mele, 798 F.3d at 31–33.

### 3. The I-601 waiver

Yamoah also asserts that the IJ failed to inform him that he could file an I-601 waiver application in support of his adjustment application, and he claims this failure violated his due process rights.[6]  Judicial review of a claim challenging a final removal order is appropriate only if all administrative remedies have first been exhausted.  8 U.S.C. § 1252(d)(1); see also, e.g., Ramirez-Matias, 778 F.3d at 327.  Yamoah did not raise this issue in his appeal to the BIA and thus has not exhausted his claim.  Moreover, no exceptions to the exhaustion requirement apply to Yamoah's claim of procedural error.  See Lima v. Holder, 758 F.3d 72, 81–82 (1st Cir. 2014).  As a result, we do not have

---

[5] To the extent that Yamoah also challenges the discretionary denial on the basis that he provided false testimony, the claim similarly fails.

[6] A Form I-601 is an application to waive a ground of inadmissibility, such as willful misrepresentation under 8 U.S.C. § 1182(a)(6)(C)(i), and thereby re-establish eligibility for a status adjustment.  See U.S. Citizenship & Immig. Servs., U.S. Dep't of Homeland Sec., OMB No. 1615-0029, Instructions for Application for Waiver of Grounds of Inadmissibility 1, 11 (May 22, 2015).

jurisdiction to hear Yamoah's I-601 claim.[7]  See Mazariegos-Paiz

v. Holder, 734 F.3d 57, 62 (1st Cir. 2013).

**III.**

For the foregoing reasons, the petition is dismissed.

---

[7] Even if Yamoah had exhausted his administrative remedies when raising this challenge, he could not demonstrate the prejudice he asserts from the IJ's alleged failure to advise him of the I-601 waiver, because the BIA ultimately rested its denial of his application for adjustment on discretionary grounds.