NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-1908

———————

ADEL SULTAN MOHAMMED GHANEM,
                                        Appellant

v.

WARDEN ESSEX COUNTY CORRECTIONAL FACILITY

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-13512)
District Judge: Honorable Kevin McNulty

———————

Submitted under Third Circuit LAR 34.1(a)
On January 14, 2022

Before: AMBRO, BIBAS and ROTH, Circuit Judges

(Opinion filed: February 25, 2022)

———————

OPINION*

———————

ROTH, Circuit Judge:

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Adel Sultan Mohammed Ghanem is an immigration detainee currently held at the Essex County Correctional Facility in Newark, New Jersey. He appeals an order of the District Court denying a motion to enforce a writ of habeas corpus. The District Judge had previously granted the motion only to the extent of ordering a bond hearing. The District Court then found that the bond proceeding before the Immigration Judge (IJ) and the Board of Immigration Appeals (BIA) comported with due process and that no relief was necessary. Ghanem challenges that decision, arguing that the BIA improperly relied on an unreliable and inadmissible police report and that the BIA failed to consider Ghanem's arguments and evidence. Ghanem provides no basis for reversing the District Court's findings. We will therefore affirm the order of the District Court.

## I.

Ghanem is a citizen of Yemen. He first entered the United States in 2003, at the age of sixteen, and was granted Lawful Permanent Resident (LPR) status. He completed high school and one year of college in Michigan and later relocated to New York.

In 2009, the New York Police Department's Intelligence Bureau identified him as part of a terrorism investigation. That finding was based on information gathered from a Confidential Informant (CI), who reported on a series of encounters with Ghanem. The CI claimed that Ghanem had discussed jihad and had stated that he and several family members trained in Yemen. During the investigation, Ghanem returned to Yemen in September 2009. The CI continued to make monitored and recorded calls to Ghanem

during that time. During these calls, Ghanem allegedly discussed how the CI could get into Yemen and enroll in a terrorist training camp.

In 2010, Ghanem attempted to return to the United States, but Jordanian officials denied him access. He continued to live abroad until he attempted to re-enter the United States again on February 21, 2017, relying on his LPR status. Upon arrival, the Department of Homeland Security detained him and served him with a notice to appear for removal proceedings. Ghanem remains in detention.

Ghanem subsequently filed an Application for Asylum, Withholding of Removal, and Protection under the Convention Against Torture (CAT). An IJ denied his application on August 13, 2018 and ordered him removed from the United States. The IJ also denied Ghanem's request for a change in custody status, holding that the immigration court did not have jurisdiction given that Ghanem was an arriving alien. The BIA affirmed the order of removal on January 30, 2019. On February 28, 2019, he filed a petition for review of the BIA's decision, as well as a motion for a stay of removal before this Court.[1] We granted Ghanem's motion for a stay, granted his petition for review, and remanded to the BIA.[2] That proceeding is ongoing.

This appeal centers on the denial of a motion to enforce a writ of habeas corpus. The petition for a writ of habeas corpus was filed by Ghanem on June 6, 2019, to challenge his prolonged detention. On March 13, 2020, the District Court granted the petition in part by ordering the IJ to hold an individualized bond hearing. The IJ denied

---

[1] *See Ghanem v. Att'y Gen. of U.S.*, 14 F.4th 237, 240 (3d Cir. 2021).
[2] *See id.*

3

the change in custody status and bond after holding a bond hearing. The IJ issued a formal "Bond Memorandum, " which detailed the reasons for denial of bond. In it, she concluded that Ghanem's "continued detention is necessary as he is a flight risk and a danger to the community."[3] In concluding that Ghanem posed a risk to the community, the IJ relied upon the NYPD's 2009 investigation, which asserted that Ghanem was attempting to help individuals "travel to Yemen to join a training camp and prepare for jihad," and that he was engaging in training activities himself, such as "obtaining firearms, becoming a trained marksman, and training with knives."[4] The BIA affirmed the IJ's denial of bond, concluding that Ghanem did not demonstrate the IJ's factual findings amounted to clear error.

Ghanem then moved to enforce the writ of habeas corpus. He contended that the bond hearing, and the subsequent appeal of the denial of bond to the BIA, failed to comport with due process because the IJ and BIA improperly relied on unreliable NYPD reports. The District Court denied Ghanem's motion to enforce the judgment. Ghanem appealed.

---

[3] Appx. at 143 (citations omitted).
[4] Appx. at 144 (citations omitted).

4

## II.[5]

We review a district court's denial of a motion to enforce its own judgment for abuse of discretion.[6] Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision,[7] we may review whether the bond hearing was fundamentally unfair.[8]

## III.

A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order, which Ghanem is attempting to do through this appeal. Although Ghanem argues that the IJ and the BIA relied on unreliable and inadmissible police reports when deciding the potential danger he may pose, that argument is meritless. Regardless, such evidentiary quibbles fail to demonstrate that the government deprived Ghanem of a fundamentally fair bond hearing, which is all that the District Court required. In a fundamentally fair bond hearing, due process has three essential elements. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests."[9]

---

[5] The District Court had jurisdiction over the underlying habeas action under 28 U.S.C. § 2241, and we exercise jurisdiction under 28 U.S.C. § 1291.

[6] *Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Loc. 610*, 900 F.2d 608, 609 (3d Cir. 1990).

[7] *See* 8 U.S.C.1226(e).

[8] *Sylvain v. Att'y Gen. of U.S.*, 714 F.3d 150, 155 (3rd Cir. 2013).

[9] *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)).

On appeal, Ghanem argues the NYPD documents relied on by the IJ and BIA were inadmissible and unreliable. However, the reports are admissible in bond hearings, especially if the IJ is considering whether an immigrant poses a danger to the community. To the extent that Ghanem argues the IJ and BIA should have weighed the police reports differently given concerns about hearsay and reliability, that argument challenges a discretionary determination that we may not review.[10]

Although Ghanem likens the IJ's and BIA's reliance on the NYPD reports to an evidentiary due-process violation, similar to the one we found in *Ezeagwuna v. Ashcroft*,[11] the circumstances of the documents in question differ greatly. In *Ezeagwuna*, the INS provided a State Department letter to the alien only several days before his removal hearing.[12] The letter contained layers of hearsay and did not provide information from anyone with direct knowledge of the investigation.[13] By contrast, and as the District Court pointed out, Ghanem had been aware of the NYPD reports for approximately 18 months, and the reports specifically detailed the evidence gathered by the investigating officer and cited statements of a CI with direct knowledge. Ghanem's reliance on *Ezeagwuna* is unfounded.

---

[10] *See Ramirez–Matias v. Holder*, 778 F.3d 322, 326 (1st Cir.2015) (holding that a petitioner's "disagreement with the agency's view of the relative credibility of the police reports and the testimony proffered to contradict them" raised a factual issue unreviewable in this context); *see also* 8 U.S.C. § 1226(e).
[11] 325 F.3d 396, 405–06 (3d Cir. 2003).
[12] *Id.* at 406.
[13] *Id.*

Ghanem also asserts the police reports were only presented to the IJ the day of the hearing and that the IJ therefore relied on the reports without reading them. Ghanem similarly claims that the BIA and the District Court also relied on the reports without reading them. However, Ghanem substantiates those arguments with only his own contrary reading of the reports. As a reviewing court, we will not reweigh the evidence—as Ghanem essentially asks us to do—when it is clear the IJ's and the BIA's decision to credit the police reports was constitutionally permissible. In addition, Ghanem's claim that neither the IJ nor the BIA even read the reports strains credulity because the IJ's and the BIA's written decisions included specific citations to the reports. No due-process violation occurred here.

Lastly, Ghanem argues that the BIA did not conduct any individualized analysis of Ghanem's evidence. However, this amounts to an allegation of improper evidence weighing, and this is not within our authority to consider. Again, just because there are disagreements about the outcome of the bond hearing, this does not mean that the IJ violated due process in conducting the bond hearing. We defer to the District Court's interpretation of its own order, and its decision that a proper bond hearing took place.[14]

## IV.

For the foregoing reasons, we will affirm the Order of the District Court denying Ghanem's motion to enforce the writ of habeas corpus.

---

[14] *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 498 (3d Cir. 1982)) (finding that the court "must give particular deference to the district court's interpretation of its own order.").